UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN EDWARD FOLAND,           )<br>                                                         )<br>                      Plaintiff,      )<br>                                                         )<br>         v.                                            )     Civil Action No.  1:22-cv-00458 (UNA)<br>                                                         )<br>                                                         )<br>FEDERAL BUREAU                      )<br>OF INVESTIGATION,                  )<br>                                                         )<br>                                                         )<br>                      Defendant.   ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is a resident of Pennsylvania.  He first filed this matter in the United States District Court for the Northern District of New York.  *See generally* Transfer Order, ECF No. 4.  The Northern District of New York reviewed the complaint, ECF No. 1, noting that "Plaintiff alleges, *inter alia*, that the Federal Bureau of Investigation ("Defendant") breached a contract with Plaintiff, whereby, Defendant was to pay Plaintiff $500,000.00[.]" *Id.* at 1.  Further, that court found that "the acts complained of herein relate to conduct that allegedly occurred, at least in part, within the geographical boundaries of the United States District Court for the District of Columbia," *id.* at 1–2, and therefore, it transferred this matter to this court on February 22, 2022.  *See id.*

Turning once again to review the complaint, this court shall dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and, to the extent that plaintiff's claims can be understood, this court lacks jurisdiction.

As noted, plaintiff alleges that the FBI owes him $500,000. Compl. at 4. It is unclear who or what created this obligation, or under what authority. Plaintiff merely states that he "was paid $500,000 by the FBI in 1981, which was to be kept in an account" until plaintiff turned 18 years old. He alleges that, instead, "the money was taken out in 1987, one year before" he was due to receive it. *Id*. It appears as if he claims to have worked as an operative of some kind for the FBI, and in exchange, he is purportedly owed this lump sum. *See id*. at 6–9. The remainder of the prolix complaint consists of mostly unintelligible and disjointed ruminations, ranging vastly in topics. Plaintiff also attaches seemingly irrelevant exhibits without any explanation or context.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint satisfies this standard.

Additionally, to whatever extent plaintiff may have alleged a breach of contract claim against the FBI, whether or not those actions occurred in the District of Columbia is of no consequence because this court cannot exercise jurisdiction over such a claim. The Tucker Act,

28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Here, plaintiff's complaint seeks in excess of $10,000. Accordingly, this court is want of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and plaintiff must seek recourse in the Court of Federal Claims.

Put simply, the complaint is vague, confused, and fails to provide adequate notice of any claim. Furthermore, plaintiff fails to establish this court's jurisdiction or to present a valid basis for any award of damages. Consequently, the court grants plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  March 31, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge